# United States District Court
## Western District Of Wisconsin

UNITED STATES OF AMERICA

**SECOND AMENDED JUDGMENT IN A CRIMINAL CASE**
(for offenses committed on or after November 1, 1987)

V.

**Case Number:**    04-CR-76-C-01

EUGENE HUGHES

**Defendant's Attorney:**    Patrick J. Stangl

The defendant, Eugene Hughes, pleaded guilty to count 3 of the indictment.

Counts 1,2 and 4 of the indictment are dismissed on the motion of the United States.

**ACCORDINGLY**, the court has adjudicated defendant  guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 841 (a)(1) | Distribution of Cocaine Base, a Schedule II Controlled Substance, a Class B felony | January 5, 2004 | 3 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.**

| | | |
|---|---|---|
| **Defendant's Date of Birth:** | June 2, 1974 | June 16, 2008 |
| **Defendant's USM No.:** | 05637-090 | Date of Imposition of Judgment |
| **Defendant's Residence Address:** | 415 South Bird Street Sun Prairie, WI 53590 | /s/ Barbara B. Crabb |
| **Defendant's Mailing Address:** | FCI Greenville P.O. Box 4000 Greenville, IL 62246 | Barbara B. Crabb District Judge |
| | | June 16, 2008 |
| | | Date Signed: |

# IMPRISONMENT

As to count three of the indictment, it is ordered that the judgment entered on November 18, 2005, is amended to provide that defendant is to be committed to the custody of the Bureau of Prisons for a term of 132 months.

In addition, the condition of supervised release addressing drug and alcohol testing is modified to conform with decisions of the Court of Appeals for the Seventh Circuit requiring specific drug testing schedules.

In all other respects, the judgment remains as entered on November 18, 2005.

I recommend that defendant have an opportunity for substance abuse treatment while confined including the residential drug treatment program and that he reside in a community corrections center before his release.

# RETURN

**I have executed this judgment as follows:**

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

By _____

Deputy Marshal

# SUPERVISED RELEASE

The term of confinement is to be followed by a four-year term of supervised release.

Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

Defendant shall not commit another federal, state, or local crime.

Defendant shall not illegally possess a controlled substance.

If defendant has been convicted of a felony, defendant shall not possess a firearm, destructive device, or other dangerous weapon while on supervised release.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

Defendant shall comply with the standard conditions that have been adopted by this court (set forth on the next page).

As special conditions of supervised release, defendant is to:

(1)  Provide the supervising U.S. probation officer any and all requested financial information;

(2)  Register with local law enforcement agencies and the state attorney general as directed by the supervising U.S. probation officer;

(3)  Submit his person, residence, office or vehicle to a search conducted by a U.S. probation officer at a reasonable time and in a reasonable manner whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises he is occupying may be subject to searches pursuant to this condition;

(4)  Defendant is to abstain from the use of alcohol and illegal drugs and from association with drug users and sellers and participate in substance abuse treatment.  Defendant shall submit to drug testing beginning within 15 days of his release and 60 drug tests annually thereafter.  The probation office may utilize the Administrative Office of the U.S. Courts' phased collection process;

(5)  Participate in mental health counseling or treatment, which may include anger management, as approved and directed by the supervising probation officer; and

(6)  Pay child support in accordance with applicable court orders.

DEFENDANT: Eugene Hughes

# STANDARD CONDITIONS OF SUPERVISION

1) Defendant shall not leave the judicial district without the permission of the court or probation officer;

2) Defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) Defendant shall support his or her dependents and meet other family responsibilities;

5) Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) Defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances except as prescribed by a physician;

8) Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) Defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm defendant's compliance with such notification requirement.

# CRIMINAL MONETARY PENALTIES

| Count | Assessment | Fine | Restitution |
|:-----:|:----------:|:----:|:-----------:|
| 3 | $100.00 | $0.00 | $0.00 |
| **Total** | $100.00 | $0.00 | $0.00 |

It is adjudged that defendant is to pay a $100 criminal assessment penalty to the Clerk of Court for the Western District of Wisconsin immediately following sentencing.

Defendant has neither the means nor earning potential to pay a fine under § 5E1.2(c) without impairing his ability to support himself and his dependents upon release.

AO 245 B (Rev. 7/93)(N.H. Rev.)          DEFENDANT: Eugene Hughes          CASE NUMBER:   **04-CR-76-C-01**          Second Amended Judgment - Page 6

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:

(1) assessment;
(2) restitution;
(3) fine principal;
(4) cost of prosecution;
(5) interest;
(6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

In the event of a civil settlement between victim and defendant, defendant must provide evidence of such payments or settlement to the Court, U.S. Probation office, and U.S. Attorney's office so that defendant's account can be credited.